IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VINCENTÉ A. NESBY, II,**

      Plaintiff,

    v.                                                  Civil Action No. 3:13cv144
                                                         (Judge Groh)

**UNITED STATES OF AMERICA; LT. SLAGGER; H.S.A. WEAVER; C/O CARLSON; and NURSE HALL,**

      Defendants.

## REPORT AND RECOMMENDATION

### I. Procedural History

On October 15, 2013, the *pro se* plaintiff, an inmate incarcerated at Petersburg Medium FCI in Petersburg, Virginia, initiated this action by filing a Federal Tort Claim Act complaint, along with a motion to proceed as a pauper and supporting documents.

By Order entered October 22, 2013, the plaintiff was granted permission to proceed as a pauper but directed to pay an initial partial filing fee. Plaintiff moved for appointed counsel of November 5, 2013. The motion was denied by Order entered the following day. On November 15, 2013, plaintiff paid the required fee. Plaintiff filed a motion for discovery on November 22, 2013; it was denied without prejudice by Order entered November 25, 2013.

On August 22, 2014, plaintiff filed a letter motion for leave to file an exhibit (Dkt.# 26), and wrote a "To Whom it May Concern" letter to the court, seeking to correct the spellings of two of the defendants' names; it was construed as a motion to amend. (Dkt.# 27).

### II. The Complaint

In the complaint, the plaintiff alleges Eighth and First Amendment violations against the defendants. Plaintiff asserts that on May 11, 2012, while experiencing a painful Sickle Cell Anemia

1

crisis, he went to FCI Gilmer's medical department, and instead of receiving medical care, was physically abused by defendants Lt. Slagger ("Slagger"), HSA Weaver ("Weaver"), Nurse Hall ("Hall"), and C.O. Carson ("Carson"). He contends that because of the severe pain he was experiencing, he was unable to walk, and the defendants slammed him to the ground, handcuffed him, dragged him from medical and placed him in the Special Housing Unit ("SHU") for four days, in a cell with "no working water" and no medical attention. To "cover up the abuse" afterwards, defendants Lt. Slagger and HSA Weaver ordered Nurse Hall to issue a false misconduct report against him, charging him with refusing an order, insolence, and malingering, which he contends was later dismissed.

Plaintiff contends that he has exhausted his claims. He asserts that as a result of being violently thrown to the floor in the attack, he has pain and discomfort to his head and neck. He asserts he fears reprisal if he complains of his Sickle Cell condition again, and he fears that the abuse will continue. He alleges he has suffered embarrassment, fear and severe pain, "which continue's [sic] to this day." (Dkt.# 1 at 9).

As relief, he requests "[d]eclaratory damages [sic] that the defendants violated . . .[his] 8th amend [sic] right's [sic]." Further, he seeks $2 million dollars in compensatory damages from each defendant; punitive damages in the amount of $5 million dollars from each defendant; $10 million dollars in "[p]respective [sic] damages;" "attorney & investigator costs" and a jury trial. (Id.).

### III. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV. Analysis

Plaintiff's claims allege deliberate indifference, excessive force, and denied his grievances, in violation of his Eighth and First Amendment rights. Plaintiff's claims must be dismissed, because constitutional torts are not cognizable under the FTCA. Royster v. United States, 2008 U.S. Dist. LEXIS 106634 *13 (W.D. Pa. December 1, 2008). Moreover, a review of the record reveals that plaintiff's claims have no merit.[2]

## V. Recommendation

---

[1] Id. at 327.

[2] The record reveals that plaintiff does not actually have Sickle Cell Anemia, merely the sickle cell trait. Dkt.# 1-6 at 1 and 1-7 at 2. Moreover, contrary to plaintiff's claims that he was in such severe pain that day that he could not walk, that the defendants refused him treatment and instead slammed him to the floor, cuffed him and took him to the SHU, the record reveals that he walked into health services without any difficulty on the day in question (Dkt.# 1-7 at 2); an exam found full strength in all of his extremities (Dkt.# 1-7 at 2); an IV was started (Dkt. 1-2 at 2); when plaintiff was asked to take a seat outside the triage room in the hallway while the IV ran (Id.), he refused, became belligerent and uncooperative, and had to be physically removed; while being escorted out, he purposefully let his lower legs go limp and refused to walk, but maintained his balance sufficiently to prevent himself from falling (Dkt.# 1-7 at 2). Because of his uncooperative behavior, he was taken to the SHU, where a physical exam including an EKG, was essentially normal, and he was prescribed ibuprofen for his pain. (Id. at 2-3).

3

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint (Dkt.# 1) be **DISMISSED with prejudice for failure to state a claim upon which relief can be granted.**

Further, the undersigned recommends that the plaintiff's pending letter motions for leave to file an exhibit (Dkt.# 26) and to amend his complaint[3] (Dkt.# 27) be **DENIED as moot.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, or by **September 23, 2014**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 9, 2014

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff sought to amend his complaint only to correct the spellings of Lt. Slagger and C.O. Carlson's names. Because the only proper defendant in a Federal Tort Claim Action is the United States, granting the motion to amend would have been futile.